**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Naomi B. Spector (SBN: 222573)
naomi@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*,
Christopher and Monique Perkins

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER PERKINS AND MONIQUE PERKINS,<br><br>Plaintiffs,<br><br>v.<br><br>REGIONAL ACCEPTANCE CORPORATION,<br><br>Defendant. | Case No.:   '15CV2441 MMANLS<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE:**<br><br>I.   **TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.;**<br><br>II.   **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32.**<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

2. In addition, the Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. CHRISTOPHER AND MONIQUE PERKINS ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the collection efforts of REGIONAL ACCEPTANCE CORPORATION ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect a debt owed by Plaintiffs.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiffs, or to the Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. Unless otherwise stated, all of the conduct engaged in by Defendant took place in the State of California.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### JURISDICTION AND VENUE

8.  This Court has federal question jurisdiction because this case arises out of violation of federal law.  47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).   In addition, this Court also has jurisdiction of Plaintiffs' supplemental State claims pursuant to 28 U.S.C. § 1367.

9.  This action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.; and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA").

10. Because Defendant conducts business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiffs reside in San Diego, California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

### PARTIES

12. Plaintiffs Christopher Perkins and Monique Perkins ("Plaintiffs") are natural persons who reside in San Diego, California from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing, and are "debtors" as that term is defined by California Civil Code § 1788.2(h).

13. On information and belief, Defendant is a company headquartered in Greenville, North Carolina, which specializes in indirect sub-prime automotive financing.   According to the regionalacceptance.com website, Defendant conducts business with more than 8,000 dealers nationwide and "has consistently ranked as one of the top auto finance companies in the United States."   Defendant's mission statement provides: "Regional Acceptance

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

Corporation is committed to creating the best auto finance company possible, the best of the best, ***by prescribing to honest and ethical lending practices, transparent business dealings and an unwavering respect for the laws that govern our business***, the customers we serve and the associates who keep our business moving forward.  In concert with this commitment, we will strive to maintain a corporate environment that exudes the characteristics of honesty, integrity and mutual respect, ***whereby all individuals, regardless of their relationship with our company, are held in the highest regard***."  (Emphasis added).[1]

14. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiffs were individuals residing within the State of California.

17. On information and belief, at all times relevant, Defendant conducted business in the State of California.

18. Plaintiffs incurred a financial obligation to Defendant, that was money, property, or their equivalent, which was due or owing, or alleged to be due or owing.  Specifically, on or about April 30, 2014, Plaintiffs purchased a 2010 Ford Edge (the "Automobile"), which was financed by Defendant.

---

[1] https://www.regionalacceptance.com/corporate-profile.  Accessed on October 19, 2015.

19. In or about late 2014, Plaintiffs became delinquent on their Automobile loan payments. As a result, Plaintiffs received numerous harassing and unlawful calls from Defendant.

### A. Defendant Called Plaintiffs in Violation of the TCPA

20. Defendant lacked "prior express consent" to utilize an ATDS or predictive dialer to contact Plaintiffs on Plaintiffs' cellular telephones. Plaintiffs did not provide their cellular telephone number to Defendants through any medium at any time. Mr. Perkins, as a matter of course, does not provide his cell phone number on loan documents or applications. In addition, at no time did Mr. Perkins provide Ms. Perkins's cell phone number to Defendant.

21. Nevertheless, beginning in or about July 2014, Defendant began contacting Plaintiffs on their cellular telephone numbers in an attempt to collect the alleged debt.

22. Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), to make its calls to Plaintiffs. Among other things, and as described below, Defendant's agents told Ms. Perkins that the calls to Plaintiffs' cell phones were being placed by an ATDS.

23. The calls to Plaintiffs' cell phone numbers include, but are not limited to, calls received at the following dates and times: (1) 7/28/15 at 1:50 pm; (2) 7/30/15 at 3:10 pm; (3) 8/3/15 at 9:19 am; (4) 8/3/15 at 2:40 pm; (5) 8/3/15 at 3:07 pm; (6) 8/4/15 at 1:13 pm; (7) 8/5/15 at 11:09am; (8) 8/6/15 at 2:48 pm; (9) 8/7/15 at 12:19 pm; (10) 8/10/15 at 12:01 pm; (11) 8/10/15 at 5:47 pm; (12) 8/11/15 at 8:04 am; (13) 8/11/15 at 1:51pm; (14) 8/12/15 at 12:27 pm; (15) 8/12/15 at 12:28 pm; (16) 8/13/15 at 2:01 pm; (17) 8/15/15 at 9:28 am; (18) 8/17/15 at 11:54 am; (19) 8/18/15 at 2:55 pm; (20) 8/19/15 at 1:50pm; (21) 8/21/15 at 10:52 am; (22) 8/24/15 at 8:29 am; (23) 8/25/15 at 1:15 pm; (24) 8/27/15 at 9:57 am; (25) 8/28/15 at 9:40 am; and (26) 8/31/15 at 9:59 am.

24. On numerous occasions, Ms. Perkins asked Defendant to cease contacting Plaintiffs on their cell phones.  Among other things, in July of 2015, Ms. Perkins told Defendant that Plaintiffs would be filing bankruptcy, and asked that Defendant stop calling.  In addition, on more than one occasion, Ms. Perkins told Defendant that Plaintiffs could not afford to make their Automobile payments because Mr. Perkins was on disability.  Ms. Perkins told Defendant's agents that Plaintiffs would pay what they could, and they would contact Defendant if their situation changed.  In the interim, Ms. Perkins reiterated her request that Defendant stop calling.  Furthermore, on August 4, 2014, Ms. Perkins gave Defendant permission to repossess the Automobile and again asked that Defendant cease calling.

25. Despite these requests, the calls continued.  Ms. Perkins repeatedly asked Defendant's agents to look back at the notes from prior conversations, so that Defendant could access the documentation of Plaintiffs' prior do not call requests, and Defendant's representations that the calls would cease.  In response, Defendant's representatives informed Ms. Perkins that they found the do not call requests in Plaintiffs' account, and would notate the account again so that the calls would stop.  And yet, the calls still continued.

26. On several occasions, Defendant's agents informed Ms. Perkins that the calls would not stop because Defendant was using an ATDS.  Specifically, in response to her complaints about the continued calls, Defendant's agents told Ms. Perkins that Plaintiffs' numbers were automatically dialed, and that the calls were only transferred to an agent when Plaintiffs picked up the phone.  Thus, the agents stated that, because the calls were placed by an automated system, the agents could not read the call notes prior to the call being placed, and could not access the do not call requests.

27. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

28. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**B.     Defendant Called Plaintiffs In Violation of the RFDCPA**

29. Defendant placed repeated and harassing calls to Plaintiffs in an effort to collect the alleged debt.

30. On or about July 9, 2015, Ms. Perkins informed Defendant that her husband was receiving disability, that Plaintiffs could only afford one-half of the Automobile payment, and that they would be filing bankruptcy.  In response, the agent was rude to Ms. Perkins and stated, among other things, that everyone has problems, and that her "excuse" was insufficient.  The agent further informed Ms. Perkins that the calls would not cease until Plaintiffs paid the debt.

31. Ms. Perkins repeatedly explained Plaintiffs' financial situation to Defendant and told Defendant's agents that, due to Mr. Perkins's disability, Plaintiffs could no longer afford their Automobile payments.  Ms. Perkins told Defendant that Plaintiffs could barely afford to feed their children, let alone pay the alleged debt.  Ms. Perkins pleaded with Defendant to cease calling, and told Defendant that she would affirmatively contact Defendant if Plaintiffs' financial situation changed.  Nevertheless, the calls continued, sometimes as often as three times per day.

32. In or about August 3, 2015, Ms. Perkins informed Defendant that the Automobile had been towed, and that Plaintiffs did not have sufficient funds to get the car out of impound. Ms. Perkins gave Defendant consent to repossess the car, and provided Defendant with the contact information for the towing company.  Defendant's agent stated that she added this information to Plaintiffs' account and that the calls would cease.  But the calls did not cease, and in fact, continued for at least 27 more days.

/ / /

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. Through this conduct Defendant violated Cal. Civ. Code §§ 1788.11(d) and (e) and 1788.17, as it incorporates by reference 15 U.S.C. 1692d(5).

**COUNT I**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)**

34. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

36. As a result of each and every violation of the RFDCPA, Plaintiffs are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

**COUNT II**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

37. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiffs are entitled to actual damages and an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

/ / /

/ / /

/ / /

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## COUNT III
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

41. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiffs are entitled to actual damages and an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

- An award of actual damages, in an amount to be determined at trial, pursuant to 47 U.S.C. §§ 227(b)(3)(B) and (b)(3)(C);

- An award of statutory damages of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and as a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1);

- An award of statutory damages of $ 1,500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1);

- An award of injunctive award prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and
- Any and all other relief that this Court deems just and proper.

## TRIAL BY JURY

44. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.


Dated: October 28, 2014                                        Respectfully submitted,


**KAZEROUNI LAW GROUP, APC**


By: ___/s/ Abbas Kazerounian__
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

PROOF OF SERVICE